# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED, | Case No. 1:14-cv-00012-SAB-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| JEFFREY A. BEARD, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

On January 3, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A

1

1   habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"

2   of his confinement.   Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

3   Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules

4   Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is

5   the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v.

6   Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574;

7   Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

8         In this case, Petitioner complains that staff at Wasco State Prison Reception Center have

9   interfered with his right to correspond with his attorney by opening his mail without Petitioner

10  being present, causing a document to be lost or removed.   Petitioner is not claiming he is in

11  custody in violation of the Constitution.   He is challenging the conditions of his confinement,

12  not the fact or duration of that confinement.   Thus, Petitioner is not entitled to habeas corpus

13  relief and this petition must be dismissed.   Should Petitioner wish to pursue his claims, he must

14  do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

15                                              **II.**

16                          **CERTIFICATE OF APPEALABILITY**

17        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

18  district court's denial of his petition, and an appeal is only allowed in certain circumstances.

19  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining

20  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

21        (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
        district judge, the final order shall be subject to review, on appeal, by the court
22        of appeals for the circuit in which the proceeding is held.

23        (b) There shall be no right of appeal from a final order in a proceeding to test the
        validity of a warrant to remove to another district or place for commitment or trial
24        a person charged with a criminal offense against the United States, or to test the
        validity of such person's detention pending removal proceedings.
25
        (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
26              appeal may not be taken to the court of appeals from–

27                (A) the final order in a habeas corpus proceeding in which the
                detention complained of arises out of process issued by a State
28                court; or

                                              2

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///
///
///
///
///
///
///
///
///
///
///

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case;

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 13, 2014**

                           UNITED STATES MAGISTRATE JUDGE

4